UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERSHEL W. CASTO, II,<br><br>Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, et al.<br><br>Defendants. | No. 2:19-cv-2209 EFB P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. ECF No. 2.

Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted.

Screening

I.   Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II.   Analysis

Plaintiff's complaint[1] (ECF No. 1) is deficient in two respects.  First, he has attempts to join two claims against multiple defendants which are insufficiently related to proceed jointly. Second, plaintiff's complaint is, with respect to many of the defendants, non-compliant with Rule 8 of the Federal Rules of Civil Procedure.

A.   Joinder of Unrelated Claims

First, plaintiff alleges that, on an unidentified date, he fell down a flight of stairs at Mule Creek State Prison ("MCSP") and injured his back.  ECF No. 1 at 13.  He claims that two defendant correctional officers – Hernandez and Bentz – witnessed his fall but declined to call for

---

[1] Plaintiff also filed a "corrected" complaint at ECF No. 5.  It does not appear to materially differ from the original complaint.

medical help. *Id.* Plaintiff faults the medical care he received (or, in some cases, did not receive) for that injury. *Id.* at 14-17. In so doing, he names several physicians, Federal Receiver J. Clark-Kelso, and various non-physician "Doe" defendants whom plaintiff describes but cannot name. *Id.*

Second, plaintiff alleges that, despite suffering severe pain,[2] medical staff at MCSP declined to prescribe him pain management medications. *Id.* at 18. Plaintiff alleges that this denial of medication has been ongoing since September of 2017. *Id.* In connection with this claim he names: (1) current California governor Gavin Newsom; (2) former governor Jerry Brown; (3) the California Department of Corrections and Rehabilitation ("CDCR"); (4) former MCSP warden Joe Lizarraga; (5) California Health Care Services; and (6) Federal Receiver Clark-Kelso. *Id.*

Plaintiff is informed that he may not bring multiple, unrelated claims against more than one defendant. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but . . . [u]nrelated claims against different defendants belong in different suits . . . ."). The two foregoing claims, as currently articulated, are not sufficiently related to proceed jointly. The question of whether defendants offered inadequate care for a discrete injury is separate from whether he has been improperly denied pain management medication over a period of years.

B.  Rule 8

Rule 8 requires a "short and plain statement of the claim" demonstrating that the plaintiff is entitled to relief and fair notice to each defendant of the claims against her or him. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). Plaintiff's complaint – which proceeds against sixteen defendants – fails to fulfill these obligations. It names various defendants and, rather than alleging specific bad acts, vaguely associates them with wrongdoing. For instance, plaintiff alleges that CDCR Secretary Ralph Diaz failed to enforce correctional officers' compliance with "known prison regulations, policies, and procedures at MCSP," but declines to

---

[2] It is unclear from the complaint whether all of the pain plaintiff alleges he suffers should be attributed to the fall described in the first claim.

1  name the specific policies or procedures whose absence caused his injury.  Nor does he allege
2  how Diaz knew or had reason to know that the foregoing policies were not being followed.
3  Elsewhere, plaintiff names Governor Newsom in association with the denial of medication, but
4  never offers allegations (cogent or otherwise) as to how Newsome was personally involved.
5  Similar shortcomings are true for former-Governor Brown, Warden Covello, former-Warden
6  Lizarraga, Christopher Smith (Chief Medical Officer at MCSP), and various other defendants.

7       III.    Leave to Amend

8       Plaintiff will be given leave to amend to address the foregoing deficiencies.  He is
9  cautioned that any amended complaint must identify as a defendant only persons who personally
10 participated in a substantial way in depriving him of his constitutional rights.  *Johnson v. Duffy*,
11 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional
12 right if he does an act, participates in another's act or omits to perform an act he is legally
13 required to do that causes the alleged deprivation).  Plaintiff may also include any allegations
14 based on state law that are so closely related to his federal allegations that "they form the same
15 case or controversy."  *See* 28 U.S.C. § 1367(a).

16      The amended complaint must also contain a caption including the names of all defendants.
17 Fed. R. Civ. P. 10(a).

18      Plaintiff may not change the nature of this suit by alleging new, unrelated claims.  *See*
19 *George*, 507 F.3d 605 at 607.

20      Any amended complaint must be written or typed so that it so that it is complete in itself
21 without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended
22 complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
23 earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114
24 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
25 being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
26 1967)).

27      Any amended complaint should be as concise as possible in fulfilling the above
28 requirements.  Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual

4

background which has no bearing on his legal claims.  He should also take pains to ensure that his amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing and organization.  Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff's complaints (ECF Nos. 1 & 5) are dismissed with leave to amend within 30 days from the date of service of this order; and

3. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED:  April 22, 2020.

*[signature: Edmund F. Brennan]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE