1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HERSHEL WAYNE CASTO, II,                    No.  2:19-cv-2209-EFB P

12              Plaintiff,

13        v.                                      ORDER

14   GAVIN NEWSOM, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  The court screened the original complaint on April 22, 2020, found that plaintiff

19   had failed to state sufficient facts to show that his claims were properly joined in one action and

20   had failed to comply with Federal Rule of Civil Procedure 8(a).  ECF No. 6.  Plaintiff has filed an

21   amended complaint, which is before the court for screening under 28 U.S.C. § 1915A.  ECF No.

22   9.

23   **I.    Screening**

24        **A.  <u>Requirement and Standards</u>**

25        Federal courts must engage in a preliminary screening of cases in which prisoners seek

26   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

27   § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

28   of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

                                            1

1   relief may be granted," or "seeks monetary relief from a defendant who is immune from such

2   relief." *Id.* § 1915A(b).

3         A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

4   of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

5   plain statement of the claim showing that the pleader is entitled to relief, in order to give the

6   defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

7   *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

8   While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

9   its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

10  U.S. 662, 679 (2009).

11        To avoid dismissal for failure to state a claim a complaint must contain more than "naked

12  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

13  action." *Twombly*, 550 U.S. at 555-57.  In other words, "[t]hreadbare recitals of the elements of a

14  cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

15        Furthermore, a claim upon which the court can grant relief must have facial plausibility.

16  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

17  content that allows the court to draw the reasonable inference that the defendant is liable for the

18  misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

19  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

20  *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

21  plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

22        **B.  <u>Factual Allegations</u>**

23        Plaintiff alleges that, on or around August 18, 2017, he fell and suffered broken vertebrae

24  in the presence of correctional officers Hernandez and Bentz.  The officers allegedly refused to

25  summon medical care for plaintiff and laughed at him.  Plaintiff then submitted several requests

26  for medical care but was not seen by medical staff until over two weeks later.

27        Plaintiff claims that when he was finally seen by registered nurse Oania on September 13,

28  2017, she said nothing was wrong with him and refused to refer him to a doctor.  Thereafter,

1   plaintiff's work supervisor again sent plaintiff to the clinic because of his difficulties standing and

2   walking.  He alleges that Oania again refused to refer plaintiff to a doctor and threatened to file a

3   disciplinary charge against him when he asked for a second opinion.

4   　　　Plaintiff was not seen by a doctor for his back injuries until October 19, 2017.  Dr.

5   Matharu refused to order an MRI and ordered an x-ray only for plaintiff's lumbar spine, even

6   though plaintiff's pain was in his thoracic spine.  Plaintiff claims that Matharu deliberately

7   ignored the crushed bones in plaintiff's spine and a small infection that had started there.  He

8   diagnosed plaintiff with Wegener's Disease and prescribed plaintiff immunosuppressant

9   medications.

10   　　　Plaintiff requested emergency medical attention seven times over the next six months

11   before he was hospitalized.  During this time, three Jane Doe nurses allegedly refused to send

12   plaintiff to the hospital and tried to make him walk back to his housing unit, even though plaintiff

13   was in extreme pain and could not walk.  Plaintiff claims that he fainted, but the nurses still

14   refused to send him to the hospital.

15   　　　Drs. Rudis and Matharu also allegedly refused to send plaintiff to the hospital, refused to

16   order MRIs, and prescribed plaintiff psychotropic medication for pain management even though

17   this was "not allowed" due to plaintiff's depression diagnosis.  Nurses Perez and Clark-Barlow

18   also repeatedly refused to send plaintiff to the hospital despite his obvious injuries, refused him

19   unspecified ADA accommodations, and laughed at his inability to walk and stand up straight.

20   　　　On February 22, 2018, plaintiff was seen by the Institutional Classification Committee,

21   chaired by defendant Burton, who was "acting on behalf of Warden Lizarraga."  Plaintiff and

22   psychologist Ponder told the committee that it would be detrimental to plaintiff's health and back

23   injury to transfer plaintiff to another prison, but Burton decided to transfer plaintiff to CSP-Sac (a

24   transfer which apparently never happened).  Burton allegedly said he did not care if the transfer

25   would damage plaintiff, just so long as plaintiff was no longer housed in Burton's facility.

26   　　　Plaintiff says that he was sent to U.C. Davis Medical Center on February 26, 2018, where

27   care providers discovered extreme injuries to his spine and an infection that had been exacerbated

28   by the immunosuppressants prescribed by Dr. Matharu and had caused further significant injury.

1   When plaintiff returned to the prison, Dr. Smith discontinued the pain medications he had been

2   prescribed at the hospital and replaced them with Tylenol 3 and Gabapentin even though he knew

3   that plaintiff suffered from hepatitis C.

4       On April 9, 2018, Dr. Matharu allegedly threatened to transfer plaintiff to another prison if

5   plaintiff did not agree to discontinue his narcotic medications.  Plaintiff says that he refused, and

6   5-6 days later he was informed by his correctional counselor that his doctor had changed

7   something in his chart that forced her to do an emergency transfer of plaintiff to a level 4

8   institution, Salinas Valley State Prison.  A nurse allegedly told plaintiff that Matharu would

9   change the chart back only if plaintiff agreed to discontinue his narcotic medications.

10       Plaintiff claims that Dr. Smith retaliated against plaintiff for filing healthcare grievances

11   by refusing to approve all medical treatments which required his approval (such as pain

12   medications, orthopedic shoes, and insoles).  Smith also used confidential information from

13   plaintiff's central file to deny plaintiff a necessary reconstructive surgery on his spine.  Due to

14   Smith's conduct, plaintiff must submit to urinalysis for six months before he can obtain the

15   surgery.  Plaintiff asserts that he complained to Dr. Bal about Smith's conduct but Bal did

16   nothing.

17       Plaintiff alleges that he wrote to J. Clark-Kelso, federal receiver for California's prison

18   medical care system, and told him of the deficient care he was receiving at Mule Creek State

19   Prison, but Kelso refused to intercede.  Plaintiff adds that Kelso, along with former governor

20   Jerry Brown and current governor Gavin Newsom, know that the healthcare at MCSP is deficient,

21   but they have done nothing to fix the issues that caused plaintiff's injuries.  Plaintiff also asserts

22   that Ralph Diaz, as secretary of CDCR, is required to ensure proper compliance with laws and

23   regulations by his subordinates but did not do so.

24       Plaintiff alleges that, by the foregoing acts and omissions, the defendants violated his

25   Eighth Amendment rights.

26   **C. Analysis**

27       Plaintiff has failed to state a cognizable claim against defendants Gavin Newsom, Jerry

28   Brown, and Joe Lizarraga.  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an

4

1   actual connection or link between the actions of the named defendants and the alleged

2   deprivations.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-93 (1978).  "A person

3   'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he

4   does an  affirmative act, participates in another's affirmative acts, or omits to perform an act

5   which he is legally required to do that causes the deprivation of which complaint is made."

6   *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations

7   concerning the involvement of official personnel in civil rights violations are not sufficient to

8   state a cognizable claim.  *See Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

9        Supervisory personnel are generally not liable under § 1983 for the actions of their

10   employees.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no respondeat superior

11   liability under § 1983.").  A supervisor is only liable for the constitutional violations of

12   subordinates if the supervisor participated in or directed the violations, or had actual knowledge

13   of the violations and failed to act to prevent them.  *Id*.

14        The complaint contains vague allegations that Newsom and Brown knew that healthcare

15   at MCSP was deficient but did nothing to fix the issues that led to plaintiff's injury.  It contains

16   no facts showing that Newsom and Brown actually knew of the failures of MCSP staff to address

17   his health care needs or that they participated in or directed these failures.  Plaintiff similarly

18   vaguely alleges that Diaz, as secretary of CDCR, must ensure compliance with laws by his

19   subordinates but did not do so.  The complaint does not include facts showing that Diaz knew of

20   his subordinates' unconstitutional conduct, participated in it, or directed it.  As to Lizarraga,

21   plaintiff seeks to impose supervisor liability on him because R. Burton "acted on his behalf."

22   This allegation again fails to show Lizarraga's personal involvement.  Accordingly, the claims

23   against Newsom, Brown, Diaz, and Lizarraga must be dismissed with leave to amend.

24        The complaint also fails to state a viable claim against defendant Kelso.  "Under federal

25   law, court-appointed 'receivers are court officers who share the immunity awarded to judges.'"

26   *Alta Gold Mining Co. v. Aero-Nautical Leasing Corp*., 656 Fed. Appx. 316, 318 (9th Cir. 2016)

27   (quoting *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1303 (9th Cir. 1989)).  "Receivers

28   /////

1   are thus entitled to absolute immunity unless their acts are clearly beyond their jurisdiction or not

2   judicial in nature." *Id.*

3        Courts have routinely held that Kelso is entitled to quasi-judicial immunity and, on this

4   basis, prisoner civil rights claims against him must be dismissed. *Patterson v. Kelso*, 698 F.

5   App'x 393, 394 (9th Cir. 2017) (citing *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978)

6   (explaining doctrine of judicial immunity); and *Mosher v. Saalfeld*, 589 F.2d 438, 442 (9th Cir.

7   1978) (judicial immunity extends to court-appointed receivers)); *Mwasi v. Corcoran State Prison*,

8   No. 1:13-cv-00695-DAD-JLT (PC), 2016 U.S. Dist. LEXIS 67611, *11-13 (E.D. Cal. May 20,

9   2016); *Griffin v. Kelso*, No. 2:10-cv-2525 MCE JFM (PC), 2011 U.S. Dist. LEXIS 90475, at *9-

10   12 (E.D. Cal. Aug. 15, 2011).  Plaintiff does not and could not plausibly allege that Kelso acted

11   outside the scope of his jurisdiction or responsibilities in deciding not to intercede in plaintiff's

12   case.  Accordingly, J. Clark Kelso must be dismissed from this action with prejudice.  Plaintiff

13   should omit his claim against Kelso from any amended complaint he may file, as Kelso is

14   immune.

15        Plaintiff's claim against Paul Covello must be dismissed with leave to amend because the

16   complaint contains no allegations against Covello.

17        For purposes of § 1915A screening only, and liberally construed, the complaint states

18   potentially cognizable Eighth Amendment claims against defendants Hernandez, Bentz, Smith,

19   Matharu, Rudis, Perez, Bal, Oania, Clark-Barlow, and the three unidentified nurses (Jane Does 1-

20   3).[1]

21        Plaintiff has not stated cognizable Eighth Amendment claims against defendant Burton.

22   To succeed on an Eighth Amendment claim predicated on allegedly deficient medical care, a

23   plaintiff must establish that: (1) he had a serious medical need and (2) the defendant's response to

24   that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*

25   *also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to

26

27       [1] Because the court cannot direct service on these defendants until plaintiff discovers their
     identities, the court will not order service on the Doe defendants until plaintiff has identified them

28   and filed a motion to amend to substitute named defendants for the Doe defendants.

1    treat the condition could result in further significant injury or the unnecessary and wanton

2    infliction of pain. *Jett*, 439 F.3d at 1096. A deliberately indifferent response may be shown by

3    the denial, delay or intentional interference with medical treatment or by the way in which

4    medical care was provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To

5    act with deliberate indifference, a prison official must both be aware of facts from which the

6    inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

7    inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

8           Thus, a defendant will be liable for violating the Eighth Amendment if he knows that

9    plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take

10   reasonable measures to abate it." *Id.* at 847. "[I]t is enough that the official acted or failed to act

11   despite his knowledge of a substantial risk of serious harm." *Id*. at 842. Importantly, the

12   indifference to medical needs must be substantial; mere malpractice, or even gross negligence,

13   does not constitute cruel and unusual punishment. *Estelle*, 429 U.S. at 106.

14          Plaintiff alleges that Burton stated that he would transfer plaintiff to CSP-Sacramento

15   despite having been informed that the transfer would be detrimental to plaintiff's health and back

16   injury. But the complaint does not contain facts showing that this transfer actually occurred.

17   Thus, plaintiff has failed to state facts showing that Burton disregarded the risk to plaintiff's

18   health by transferring him despite that risk. Accordingly, the claim against Burton must be

19   dismissed with leave to amend.

20          Although plaintiff has not clearly articulated his intent to include a retaliation claim in his

21   amended complaint, he plainly suggests one and has stated facts sufficient for screening purposes

22   to state potentially cognizable claims against defendants Smith and Matharu for retaliating against

23   him in violation of the First Amendment.

24          Plaintiff may proceed with his potentially cognizable Eighth Amendment claims against

25   defendants Smith, Bal, Hernandez, Bentz, Matharu, Rudis, Oania, Jane Does 1-3, Perez, and

26   Clark-Barlow and his potentially cognizable First Amendment retaliation claims against

27   defendants Smith and Matharu, or he can file a second amended complaint to attempt to cure the

28   deficiencies in his claims against other defendants.

1    If plaintiff elects to file a second amended complaint, that pleading must identify as a

2    defendant only persons who personally participated in a substantial way in depriving him of a

3    federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person

4    subjects another to the deprivation of a constitutional right if he does an act, participates in

5    another's act or omits to perform an act he is legally required to do that causes the alleged

6    deprivation).

7    Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the

8    amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

9    Any amended complaint must be written or typed so that it so that it is complete in itself

10   without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.  This is because an amended

11   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

12   earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

13   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

14   being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

15   1967)).

16   The court cautions plaintiff that failure to comply with the Federal Rules of Civil

17   Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

18   *See* E.D. Cal. L.R. 110.

19   **II.    Order**

20   For the foregoing reasons, it is HEREBY ORDERED that:

21   1.    Plaintiff's amended complaint alleges, for screening purposes, viable: (1) Eighth

22         Amendment deliberate indifference claims against defendants Smith, Bal,

23         Hernandez, Bentz, Matharu, Rudis, Oania, Jane Does 1-3, Perez, and Clark-

24         Barlow and (2) First Amendment retaliation claims against defendants Smith and

25         Matharu.

26   /////

27   /////

28   /////

2.      All other claims are dismissed with leave to amend within 30 days of service of this order, with the exception of plaintiff's claim against defendant Kelso, which is dismissed without leave to amend.  Plaintiff is not obligated to amend his complaint.

3.      Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claims or file an amended complaint.  If the former option is selected and returned, the court will enter an order directing service at that time;

4.      Failure to comply with any part of this this order may result in dismissal of this action.

DATED:  July 6, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

9

1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9          FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   HERSHEL WAYNE CASTO, II,              No. 2:19-cv-2209-EFB P
12              Plaintiff,
13       v.                               NOTICE OF ELECTION
14   GAVIN NEWSOM, et al.,
15              Defendants.
16

17       In accordance with the court's Screening Order, plaintiff hereby elects to:

18       (1)  _____   proceed only with the Eighth Amendment claims against defendants Smith,

19   Bal, Hernandez, Bentz, Matharu, Rudis, Oania, Jane Does 1-3, Perez, and Clark-Barlow and the

20   First Amendment retaliation claims against defendants Matharu and Smith;

21

22   OR

23       (2)  _____   delay serving any defendant and file an amended complaint.

24

25                              _____

26                                              Plaintiff

27   Dated:

28
                                    10