UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERSHEL WAYNE CASTO, II,<br><br>Plaintiff,<br><br>v.<br><br>NEWSOM, *et al.*,<br><br>Defendants. | Case No. 2:19-cv-02209-KJM-JDP (PC)<br><br>ORDER ON DISCOVERY AND SCHEDULING |

Pursuant to Federal Rules of Civil Procedure 1, 16, and 26-36, discovery shall proceed as follows:

The parties may conduct discovery pursuant to Federal Rules of Civil Procedure 26 through 37. Defendants may depose any incarcerated or imprisoned witness, including plaintiff, upon giving the notice required by Federal Rule of Civil Procedure Rule 30(b)(1) at least 14 days before such a deposition. Defendants may depose plaintiff via video conference if video-conferencing equipment is available at the institution where plaintiff is housed.

If the parties have any discovery disputes, they must comply with all pertinent rules including Rules 5, 7, 11, 26, and 37 of the Federal Rules of Civil Procedure, and Local Rules 110, 130, 131, 134-135, 142, and 230(*l*). Unless otherwise ordered, Local Rule 251 and Judge Peterson's procedures for civil matters shall not apply. Filing a discovery motion that does not comply with the rules may result in imposition of sanctions, including but not limited to denial of

1

1 the motion.

2     Should this matter proceed to trial, the court will, by subsequent order, require the parties
3 to file pretrial statements.  In addition to the matters that must be addressed in the pretrial
4 statement in accordance with Local Rule 281, plaintiff will be required to make a particularized
5 showing in the pretrial statement in order to obtain the attendance of witnesses at trial.  Plaintiff is
6 advised that failure to comply with the procedures set forth below may result in the preclusion of
7 any and all witnesses named in the pretrial statement.

8     At trial, plaintiff must be prepared to introduce evidence to prove each of the alleged facts
9 that support the claims raised in the lawsuit.  In general, there are two kinds of trial evidence:
10 (1) exhibits and (2) the testimony of witnesses.  It is plaintiff's responsibility to produce all of the
11 evidence to prove the case, whether that evidence is in the form of exhibits or witness testimony.

12     I.    <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to</u>
13         <u>Testify Voluntarily</u>

14     An incarcerated witness who agrees to attend trial to give testimony voluntarily cannot
15 come to court unless this court orders the warden or other custodian to permit the witness to be
16 transported to court.  The court will issue such an order only upon a showing that the witness has
17 agreed to testify voluntarily and has actual knowledge of relevant facts.  A party intending to
18 introduce testimony from such a witness must file with his pretrial statement a motion for an
19 order directing the witness's custodian to produce the witness for trial.  The motion must:

20     1. State the name, California Department of Corrections and Rehabilitation
21     number, and address.

22     2. Include affidavits showing that the witness intends to testify voluntarily.  This
23     intention can be shown as follows:

24         a.    The party can swear by affidavit that the witness has communicated
25             to him an intention to testify voluntarily.  The affidavit must
26             include a statement of when and where the prospective witness
27             informed the party of this willingness; or

28         b.    the witness can swear by affidavit that he is willing to testify

without the compulsion of subpoena.

3. Include affidavits showing each witness has actual knowledge of relevant facts. The witness's knowledge can be shown as follows:

    a. The party can swear that he knows the witness saw or heard relevant facts.  For example, if something occurred in plaintiff's cell and plaintiff saw that a cellmate was present and observed the incident, then plaintiff may swear to the cellmate's ability to testify; or,

    b. the witness can swear to the relevant facts he observed.  Any such affidavit must describe the incident, state when it occurred, where it occurred, who was present, and how the witness was in a position to see or to hear what occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the court will issue the order necessary to cause the witness's custodian to bring the witness to court.

II.    <u>Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party should submit with the pretrial statement a motion for the attendance of such witnesses.  Such motion must comply with the requirements explained above and demonstrate that the witnesses do not intend to testify voluntarily.

III.    <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Agree to Testify Voluntarily</u>

A party need not obtain an order to produce an unincarcerated witness who intends to testify voluntarily.  However, the party is responsible for ensuring attendance of such a witness.

IV.    <u>Procedures for Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily</u>

If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the

party intending to present that witness's testimony, if proceeding *in forma pauperis*, must complete and submit to the U.S. Marshal a subpoena for service by the Marshal upon the witness. Blank subpoena forms may be obtained from the Clerk of the Court. Along with a completed subpoena, the party must also submit a copy of the court's order granting that party *in forma pauperis* status. Additionally, the party must tender a money order payable to the witness in the amount of the daily witness fee, $40.00, plus the witness's travel expenses. The party must also notify the court that these materials have been submitted to the U.S. Marshal not earlier than four weeks and not later than two weeks before trial. A subpoena will not be served by the U.S. Marshal upon an unincarcerated witness unless the subpoena is accompanied by the materials listed above. No statute authorizes the use of public funds for expenses in civil cases and, therefore, a plaintiff proceeding *in forma pauperis* must tender any witness fees and travel expenses. If plaintiff is not proceeding *in forma pauperis*, then plaintiff, instead of the U.S. Marshal, is responsible for completing service.

Finally, under Federal Rule of Civil Procedure 73(b)(2), the parties are reminded that they have the option to have a magistrate judge such as myself conduct all proceedings in this action, including a jury or nonjury trial, and to order the entry of final judgment. Any such judgment of a magistrate judge can be appealed directly to the U.S. Court of Appeals. A magistrate judge may exercise this authority only if all parties voluntarily consent. You have the option of consenting to have this case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with the case.

Good cause appearing, IT IS HEREBY ORDERED that:

1. The deadline for the completion of all discovery, including filing all motions to compel discovery, is April 30, 2021. Absent good cause, discovery motions will not be considered if filed after the discovery deadline. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than February 19, 2021.

2. If plaintiff seeks leave to amend the complaint, he must file any motion to amend no later than April 30, 2021. Any motion to amend must be accompanied by a proposed amended

complaint that is rewritten or retyped so that it is complete in itself without reference to any earlier filed complaint.  E.D. Cal. L.R. 220.

      3.  Dispositive motions shall be filed on or before August 6, 2021.

      4. Unless otherwise ordered, all motions to dismiss, motions for summary judgment, discovery motions, and motions made under the authority of Fed. R. Civ. P. 7, 11, 12, 15, 41, 55, 56, 59, and 60, and Local Rule 110 shall be briefed in accordance with Local Rule 230(l).  Failure to timely file an opposition or statement of no opposition to such a motion may be deemed a waiver of opposition to the motion and may result in the imposition of sanctions.  E.D. Cal. L.R. 230(l).  Oppositions to all other motions need to be filed only as directed by the court.

      5.  The court will schedule pretrial proceedings, if necessary, upon the resolution of any pretrial motions filed.

      6.  A request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question and will only be granted on a showing of good cause.

      7.  The Clerk of the Court shall serve upon plaintiff a copy of the Local Rules of Court.

IT IS SO ORDERED.

Dated:   November 18, 2020

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE