UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERSHEL WAYNE CASTRO, II,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NEWSOME, *et al.*,<br><br>　　　　　Defendants. | Case No. 2:19-cv-02209-KJM-JDP (PC)<br><br>ORDER (1) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, (2) GRANTING IN PART PLAINTIFF'S REQUEST FOR SUBPOENA FORMS, AND (3) GRANTING THE PARTIES' JOINT MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER<br><br>ECF Nos. 30, 31, 33 |

　　　　Plaintiff, an inmate proceeding without counsel and *in forma pauperis*, has filed a motion for appointment of counsel. ECF Nos. 30.

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). I may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, I will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the

1

1    ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues

2    involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

3            I cannot conclude that exceptional circumstances requiring the appointment of counsel are

4    present here.  Contrary to plaintiff's contention, the allegations in the complaint are not

5    exceptionally complicated.  Further, plaintiff has not demonstrated that he is likely to succeed on

6    the merits.  For these reasons, plaintiff's motion to appoint counsel, ECF No. 30, is denied

7    without prejudice.

8            I may revisit this issue at a later stage of the proceedings if the interests of justice so

9    require.  If plaintiff later renews his request for counsel, he should provide a detailed explanation

10   of the circumstances that he believes justify appointment of counsel in this case.

11           Plaintiff also requests that he be sent twenty form subpoenas and that the U.S. Marshal

12   serve the subpoenas.  ECF No. 31.  Federal Rule of Civil Procedure 45(a)(3) provides that "[t]he

13   clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it."  However,

14   before a subpoena is issued, the court must ensure that the party serving the subpoena has taken

15   reasonable steps to avoid imposing an undue burden or expense on the person or entity to be

16   served with the subpoena.  Fed. R. Civ. P. 45(d)(1); *see Austin v. Winett*, 1:04-cv-05104-DLB PC,

17   2008 U.S. Dist. LEXIS 103279, at *2 (E.D. Cal. Dec. 11, 2008) ("[d]irecting the Marshal's Office

18   to expend its resources personally serving a subpoena is not taken lightly by the court.").

19           Plaintiff has not shown that the information he seeks from the subpoenas cannot be

20   obtained from a defendant through a properly served discovery request.  Indeed, plaintiff does not

21   identify the information he is attempting to obtain or the individuals whom he seeks to serve with

22   the subpoenas.  Accordingly, plaintiff's motion for service of subpoenas by the U.S. Marshal,

23   ECF No. 31, is denied.  However, I will direct the Clerk of Court to send plaintiff five blank

24   subpoena forms.  If necessary, plaintiff may request additional subpoena forms.  Plaintiff is

25   advised that I will not direct the U.S. Marshall to serve a subpoena unless plaintiff first

26   demonstrates that the information sought by the subpoena cannot be obtained from defendants

27   through discovery.

28           Lastly, the parties have filed a stipulation to modify the November 18, 2020 discovery and

scheduling order. ECF No. 33. The stipulation, which I construe as a joint motion, seeks to extend all deadlines by sixty days. Good cause appearing, the parties' joint motion to modify the scheduling order is granted.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for appointment of counsel, ECF No. 30, is denied.

2. Plaintiff's motion for form subpoenas, ECF No. 31, is granted in part, and the Clerk of Court shall send plaintiff five blank subpoena forms. Plaintiff's request for the U.S. Marshal to serve subpoenas is denied without prejudice.

3. The parties' stipulation to modify the scheduling order, construed as a joint motion, ECF No. 33, is granted. The November 18, 2020 discovery and scheduling order is modified as follows:

 a. The deadline for completion of all discovery, including filing all motions to compel discovery, is extended to June 29, 2021. Absent good cause, discovery motions will not be filed after the discovery deadline. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 shall be served not later than April 20, 2021.

 b. The deadline for plaintiff to file a motion to amend the complaint is extended to June 29, 2021.

 c. The deadline for filing dispositive motions is extended to October 5, 2021.

IT IS SO ORDERED.

Dated:   March 1, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE