UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERSHEL W. CASTO, | Case No. 2:19-cv-02209-KJM-JDP (PC) |
| Plaintiff, | AMENDED ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE AN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL |
| v. | |
| NEWSOM, *et al.*, | |
| Defendants. | |
| | ECF No. 54 |

    Plaintiff has filed a motion for an extension of time to file an opposition to defendants' motion for summary judgment.[1]  ECF No. 54.  Good cause appearing, that motion is granted in part.

    Plaintiff has also requested the appointment of counsel.  Plaintiff does not have a constitutional right to appointed counsel in this action, see *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court lacks the authority to require an attorney to represent plaintiff.  *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  The court may request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Rand*, 113 F.3d at 1525.

---

[1] Plaintiff also asks that the Clerk's office send him a copy of the second amended complaint at ECF No. 37.  *See* ECF No. 54 at 16-17.  That request is granted.

However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

Plaintiff asks that the court appoint him counsel for the limited purpose of assisting with discovery. ECF No. 54. Specifically, he states that he needs help taking depositions, writing declarations, and obtaining medical evidence. *Id.* at 3-5. Under the court's scheduling order, all requests for discovery were to be served no later than April 15, 2022, and all motions to compel discovery were to be filed by June 17, 2022. ECF No. 42 at 8. Having considered these factors and the fact that discovery is closed, the court does not find that there are exceptional circumstances warranting appointment of counsel.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for an extension of time, ECF No. 54, is granted in part.

2. Plaintiff is granted until January 20, 2023, to file an opposition to defendants' motion for summary judgment.

3. Plaintiff's motion for the appointment of counsel, ECF No. 54, is denied without prejudice.

4. The Clerk's office is directed to send plaintiff a copy of the second amended complaint at ECF No. 37.

IT IS SO ORDERED.

Dated:     December 8, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2