1

2

3

4

5

6

7               UNITED STATES DISTRICT COURT

8               EASTERN DISTRICT OF CALIFORNIA

9

10   HERSHEL W. CASTO,                         Case No. 2:19-cv-02209-KJM-JDP (PC)

11                  Plaintiff,

12          v.                                 ORDER

13   NEWSOM, *et al.*,

14                  Defendants.

15

16          Plaintiff filed a motion seeking: a ninety-day extension of time to file an opposition to

17   defendants' motion for summary judgment, sanctions against defense counsel for intervening

18   with his legal mail, reopening of discovery, and the appointment of counsel.  ECF No. 57.

19   Plaintiff argues that he needs additional time to respond to defendants' motion for summary

20   judgment for two reasons: first, one of the envelopes that defendants sent him with their motion

21   was returned to them by his place of incarceration because it contained metal clips in violation of

22   prison regulations, and, second, because he needs additional time to conduct discovery.[1]  *Id.* at 2-

23   5.  Plaintiff wants discovery reopened so that he can obtain information from CDCR employees

24   _____

25          [1] Defendants acknowledge that plaintiff did not receive one of the six envelopes that they
     originally served him because it contained metal clips.  ECF No. 60 at 2.  Defendants have since

26   reserved the entire motion for summary judgment on plaintiff and do not oppose his request for
     an extension of time given the issues with serving him.  *Id.*  Additionally, defense counsel filed a

27   declaration on May 9, 2023, attesting that plaintiff confirmed that he received all six envelopes.
     ECF No. 61.  Accordingly, plaintiff's request for sanctions due to defendants' issues with service

28   is denied.

                                                    1

1    and U.C. Davis doctors.  *Id.* at 3-4.  He states that he was unable to obtain this information

2    because some of the witnesses are employed by CDCR, and he had several medical issues that

3    incapacitated him from November 2021 to April 2022.  *Id.* at 4.

4           As noted above, defendants do not oppose plaintiff's request for additional time to

5    respond to their motion for summary judgment.  ECF No. 60 at 2.  Defendants, however, do

6    oppose plaintiff's request to reopen discovery.  Defendants argue that plaintiff has failed to meet

7    the requirements under Rule 56(d) to have discovery reopened.  Specifically, they argue that

8    plaintiff does not identify in his declaration the specific information he would seek if discovery

9    were reopened, that plaintiff does not describe any "specific evidence that would controvert an

10   undisputed fact," and that plaintiff's reasons for not completing discovery are insufficient.

11          Defendants urge the court to look to Federal Rule of Civil Procedure 56(d) as the standard

12   for determining whether to reopen discovery.  But Rule 56(d), while not irrelevant, is not the

13   controlling authority here.  Rule 56(d) does not provide for reopening discovery; instead, it

14   forestalls a court's ruling on a motion for summary judgment in a case in which discovery is still

15   open and the nonmoving party believes additional discovery can defeat that motion.  *See Dumas*

16   *v. Bangi*, No. 1:12-CV-01355-LJO, 2014 WL 3844775, at *2 (E.D. Cal. Jan. 23, 2014); *Roberts v.*

17   *McAfee, Inc.*, 660 F.3d 1156, 1169 (9th Cir. 2011) (noting that the rule requires discovery only

18   where the nonmoving party has not had any opportunity to complete discovery that is essential to

19   an opposition for a motion for summary judgment); *Hunt v. City of Los Angeles*, No. CV 17-8064

20   JFW (PVC), 2020 WL 10892999, at *1 (C.D. Cal. Dec. 7, 2020) (clarifying that the proper

21   procedure to reopen discovery is under Rule 16, whereas the proper procedure to seek a

22   continuance to file an opposition to a motion for summary judgment because more discovery is

23   necessary is under Rule 56(d)).  The aim of this rule is to "prevent the nonmoving party from

24   being 'railroaded' by a summary judgment motion that is filed too soon after the start of a lawsuit

25   for the nonmovant to properly oppose it without additional discovery."  *Hollyway Cleaners &*

26   *Laundry Co., Inc. v. Cent. Nat'l Ins. Co. of Omaha, Inc.*, 219 F. Supp. 3d 996, 1003 (C.D. Cal.

27   2016).  Accordingly, the court will review plaintiff's request under the good cause standard of

28   Federal Rule of Civil Procedure 16.

Typically, a scheduling order can be modified only "upon a showing of good cause." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and quotations omitted); *see* Fed. R. Civ. P. 16(b). "The pretrial schedule may be modified if it cannot reasonably be met despite the diligence of the party seeking the extension." *Zivkovic*, 302 F.3d at 1087 (citation and quotations omitted). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." *Id.* (citation and quotations omitted). "When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery," a court must consider six factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

Here, there is no trial date, weighing in favor of reopening discovery, but defendants oppose plaintiff's request, which cuts the other way. Of the remaining factors, the majority weigh in favor of not reopening discovery.

Discovery closed in this case on June 17, 2022, yet plaintiff did not file this motion to reopen discovery until February 21, 2023.[2] ECF Nos. 42 at 8; 57. Plaintiff offers two reasons why he could not diligently seek discovery: he was unable to contact witnesses because of their employment with CDCR, and he was incapacitated by illness for a period of time. His first reason is unavailing. If plaintiff ran into trouble obtaining discovery, he had mechanisms available to him, such as filing a motion to compel. He also does not sufficiently explain either why he was previously unable to obtain information from CDCR employees or why he would be able to do so now. Moreover, plaintiff has provided no explanation why he was unable to seek discovery from U.C. Davis physicians. As to plaintiff's period of incapacitation, even assuming that he was incapacitated from November 2021 to April 2022, he had until June 17, 2022 either to

---

[2] The November 18, 2020 discovery and scheduling order has been modified several times. *See* ECF Nos. 29, 33, 40, 41, 48, 51, 54, & 57.

1   seek discovery or to request a modification of the scheduling order to extend the period of

2   discovery.  Accordingly, plaintiff has not demonstrated that there is good cause to reopen

3   discovery.

4           Finally, plaintiff requests that counsel be appointed for the limited purpose of conducting

5   discovery.  *See* ECF No. 57 at 3.  As I am denying plaintiff's motion to reopen discovery, I

6   necessarily deny his request for the limited appointment of counsel.

7           Accordingly, it is hereby ORDERED that plaintiff's motion to reopen discovery, for

8   sanctions, for an extension of time, and to appoint counsel, ECF No. 57, is denied in part and

9   granted in part.

10          1.   Plaintiff's request to reopen discovery, for sanctions, and to appoint counsel is denied.

11          2.   Plaintiff's request for an extension of time to file an opposition to defendants' motion

12               for summary judgment is granted in part.

13          3.   Plaintiff must file an opposition or statement of non-opposition to defendants' motion

14               for summary judgment within forty-five days.  Plaintiff is cautioned that the court is

15               not inclined to grant further extensions of time, absent extradentary circumstances.

16

17   IT IS SO ORDERED.

18

19   Dated:   __May 15, 2023__                              _____

20                                                          JEREMY D. PETERSON
                                                            UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

4